**Walter BOLAND, Plaintiff,**

v.

**Thomas COUGHLIN, New York State Corrections Commissioner and Raymond Bara, Superintendent, Long Island Correctional Facility, Defendants.**

No. CV 85–1579.

United States District Court,
E.D. New York.

Nov. 18, 1985.

Walter Boland, pro se.

Robert Abrams, New York State Atty. Gen., Albany by Robert K. Drinan, Mineola, N.Y., for defendants.

MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Walter Boland, *pro se*, an inmate at the Ossining Correctional Facility, commenced this action pursuant to 42 U.S.C. § 1983 against Thomas Coughlin, Commissioner of the New York State Department of Corrections and Raymond Bara, Superintendent of the Long Island Correctional Facility, for acts in violation of plaintiff's constitutional rights. Plaintiff seeks monetary and injunctive relief. Defendants have moved to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Defendant's motion is granted and the case is dismissed.

FACTS

The following facts are undisputed. From August 5, 1984 until September 5, 1984, and from March 12 to March 21, 1985, plaintiff was placed in a Special Housing Unit ("SHU") at the Long Island Correctional Facility as punishment for disciplinary violations. The SHU cell in which plaintiff was detained did not contain a toilet or washbasin and had no running water. In order for plaintiff to use the bathroom, he was required to summon the guard and be escorted to a toilet outside his cell. Plaintiff was never denied the opportunity to use the bathroom.

DISCUSSION

■ In considering a motion to dismiss for failure to state a claim upon which relief can be granted the court must construe the allegations favorably to the plaintiff and may not dismiss the complaint unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Jacobson v. Coughlin,* 523 F.Supp. 1247 (N.D.N.Y.1981). The courts must be particularly liberal in construing pleadings submitted by *pro se* inmate litigants. *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *Williams v. Kullman,* 722 F.2d 1048, 1050 (2d Cir.1983). With these principles in mind, the court turns to Mr. Boland's allegation that his constitutional rights were violated.

In order to survive a motion to dismiss an action brought under 42 U.S.C. § 1983, plaintiff must allege a deprivation of a federal right by a defendant acting under color of state title. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Plaintiff contends that the defendants' acts violated his rights under the eighth amendment, as made applicable to the states through the fourteenth amendment. *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). Plaintiff contends that the conditions in the SHU cell violated his constitutional rights because "the place of confinement lacked the most basic elements to maintain any degree of personal hygiene."

It is well-settled that conditions of confinement violate the eighth amendment only when those conditions involve the wanton and unnecessary infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Anderson v. Coughlin,* 757 F.2d 33 (2d Cir.1985). The Supreme Court has repeatedly emphasized that prison officials are to be "accorded wide ranging deference in the adoption and execution of institutional policies and practices." *Bell v. Wolfish,* 441 U.S. at 457, 99 S.Ct. at 1878. "Conditions that are restrictive and even harsh are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. at 347, 101 S.Ct. at 2399. The Constitution does not mandate comfortable prisons. 452 U.S. at 349, 101 S.Ct. at 2400.

In the present case, after taking the complaint as true and construing the pleadings liberally because of the plaintiff's pro se status, it is clear that Mr. Boland has failed to state a claim upon which relief can be granted. Plaintiff has not alleged that he was denied access to bathroom facilities, but simply that he did not have them in his cell, and was required to wait his turn. The conditions at the SHU do not reach the standard set by the eighth amendment as conduct that "shocks the conscience." In short, the inconvenience of not having bathroom facilities in plaintiff's cell does not violate the eighth amendment proscriptions against conditions which "shock the conscience," are "barbarous," or "result in a deprivation of the minimal civilized measures of life's necessities." *Rhodes v. Chapman,* 452 U.S. at 347, 101 S.Ct. at 2399; *Bell v. Coughlin,* 757 F.2d at 35. The conditions at the Long Island Correctional Facility, while certainly not optimal, did not cause genuine deprivation, hardship, or suffering over an extended period of time. Therefore, defendant's motion to dismiss for failure to state a claim will be granted.

The Clerk of the Court is directed to enter judgment in favor of the defendants.

SO ORDERED.